RICHARD R. GRANT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Grant v. Commissioner
Docket No. 19697-90
United States Tax Court
T.C. Memo 1992-37; 1992 Tax Ct. Memo LEXIS 42; 63 T.C.M. (CCH) 1844; T.C.M. (RIA) 92037; January 16, 1992, Filed *42 An order of dismissal and decision for respondent will be entered. Steve Brower, for respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION In two notices of deficiency dated June 7, 1990, respondent determined the following deficiencies in and additions to petitioner's Federal income taxes:  Additions to Tax
Sec.
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1981
$ 3,363
$ 841
$ 168
[1]
$ 258
1982
3,410
853
171
[1]
332
1983
6,161
1,289
308
[2]
300
1984
5,480
1,337
274
[1]
--
Petitioner resided in Arlington, Texas, at the time he filed his petition in this case. This case was called from the calendar for the trial session of the Court at Dallas, Texas, on December 2, 1991. There was no appearance by or on behalf of petitioner. Respondent's counsel appeared and announced ready for trial. Respondent also filed (1) a motion to dismiss for *43 lack of prosecution and (2) a motion to award damages (now a penalty) pursuant to section 6673. [1]
Petitioner did not abide by the Court's standing pre-trial order. Since filing his petition he has failed to meet with any representative of respondent, and he did not agree to a stipulation of fact, as required by Rule 91, [2] even though a proposed stipulation was mailed to him by respondent's counsel. Consequently, respondent filed a Rule 91(f) motion. After petitioner failed to respond to the motion and the Court's order to show cause dated September 24, 1991, the order was made absolute on November 6, 1991, and the facts set forth in respondent's proposed stipulation of facts were accepted as established for the purposes of this case. Accordingly, respondent's motion to dismiss this case for lack of prosecution will be granted. *44 Section 6673 provides, in pertinent part, as follows: (a) TAX COURT PROCEEDINGS. -- (1) PROCEDURES INSTITUTED PRIMARILY FOR DELAY, ETC. -- Whenever it appears to the Tax Court that -- (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay, (B) the taxpayer's position in such proceeding is frivolous or groundless, or (C) the taxpayer unreasonably failed to pursue available administrative remedies, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000.
Here petitioner delayed assessment of the tax by refusing to participate in trial preparation as required by our Rules. It is therefore clear that the proceeding was filed primarily for delay. See ; . Therefore, in these circumstances, respondent's motion will be granted, and in our decision we will require petitioner to pay to the United States a penalty in the amount of $ 5,000. An order of dismissal and decision for respondent will be entered *45 . Footnotes
1. 50% of the interest due on the entire deficiency. ↩
2. 50% of the interest due on $ 5,154.↩
1. All section references are to the Internal Revenue Code in effect for the years in issue.↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩